ALBERT S. EASTWOOD LUMBER CO. *vs.* MICHAEL BRITTO *et ux.*

SAME *vs.* SAME.

VINCENT F. FABRIZIO *vs.* GEORGE MINER.

ANTONIO SARACENI *vs.* MICHAEL BRITTO *et al.*

SAME *vs.* SAME.

VINCENT F. FABRIZIO *vs.* GEORGE MINER.

SAME *vs.* SAME.

JUNE 12, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

MURDOCK, J. These are a number of petitions brought to establish mechanic's liens on three lots of land situated on Cromwell street in the city of Providence. Such of the petitions as were subject to consolidation under the statute were consolidated and all of the petitions were heard together in the Superior Court. Three decrees were entered establishing liens on said three lots and from these decrees the respondents have appealed to this court. For convenience of reference the lots will be called Nos. 1, 2 and 3.

The petitioner, Albert S. Eastwood Lumber Co., claimed and was granted liens on lots No. 1 and 2. In February, 1929, the respondent, Michael Britto, arranged with said petitioner to furnish lumber for the erection of three houses on said three lots. Albert S. Eastwood, vice-president and treasurer of the petitioner, testified that Britto represented himself as the owner of the same. Britto denies making this representation.

Deliveries of material commenced February 21, 1929, and were completed May 10 of that year. When deliveries began the record title to said lots was in John Drapas where it remained until April 3, 1929, when Britto, exercising a power of attorney from Drapas, conveyed lots No. 1 and 2 to himself and on the same day conveyed lot No. 3 to one George Miner. On May 23 of the same year Britto conveyed lots Nos. 1 and 2 to said Miner who was the record owner when the lien petitions were filed.

As to the Eastwood petitions, the respondent urges three points: (1) that there was not sufficient evidence of deliveries; (2) the commencement of legal process was not in accordance with the statute; (3) that it was error not to apportion a payment, made on account to the three lots.

The petitioner offered as proof of delivery certain slips which were given to the drivers of the trucks used to make deliveries. These slips were returned by the driver after delivery and were kept by petitioner as evidence of such delivery. When the owner or his representative was on the premises at the time of delivery his signature was obtained and some of the slips bear such signatures.

It is the contention of the respondents that the drivers of the trucks should have been called to testify as to deliveries. Prior to the passage of Chapter 1161, P. L., 1928, there would be much force in this contention. *Atlas Sheet Metal Wks., Inc.* v. *Campbell*, 48 R. I. 160. Said Chapter 1161 provides as follows: "In any civil proceeding any writing or record, whether in the form of an entry in a book or otherwise made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. . . . "

The petitioner's agent testified that said slips were kept in the regular course of business and that it was the regular practice to make memoranda and record of delivery by means of these slips. No evidence was offered to the contrary and the trial judge must have accepted this evidence as a record made in the regular course of business. They were, therefore, admissible as evidence under the statute.

There was other evidence of deliveries by admission of the respondents both by statement and by conduct. On the question of delivery the decision of the Superior Court is well sustained by the evidence.

While it is undisputed that the record title to all three lots was in John Drapas when deliveries began, it is admitted in the respondents' brief that Britto had the sole financial interest in these lots and in the houses erected thereon. Britto had a power of attorney from Drapas which he exercised to convey two of these lots to himself and one to George Miner; he testified that he was in fact acting for himself under the name of Drapas. Nevertheless, he contends that petitioner was obliged to commence proceedings against Drapas as the holder of the record title. The statute does not require that lienors shall proceed against the holder of the title of record but against the owner of the property. His position when he contracted with the petitioner for lumber for these houses was not materially different from what it would have been had he held an unrecorded deed to the same. He had the sole financial interest and a power of attorney which he could have exercised at any time and which he did exercise when the time of giving notice of intention had expired as to Drapas.

As no rights of third parties are involved we are of the opinion that, so far as the validity of the liens of this petitioner are concerned, Britto was the owner of the property in question.

The third point raises the question as to the apportionment of a payment made on account. The petitioner furnished the lumber under contract for the three houses.

A payment of $2,600 was made which the petitioner applied to the payment in full for the lumber delivered to lot No. 3 and to partial payment of the balance due on lot No. 2.

The respondent testified that he directed said payments to be allocated to each house. This testimony was contradicted by the representatives of the petitioner. It is well settled that the debtor may direct the application of a payment on account, but in the absence of such direction or a manifestation of intent the payment shall be applied in a particular manner, the creditor may apply such payment in the order which he may consider most advantageous to himself. Williston on Contracts, Vol. 3, §1795; *Harris* v. *Gilbert*, 46 R. I. 350.

While the trial justice made no specific finding as to direction of application by the respondent, from his allowance of the liens on lots Nos. 1 and 2 for the balance due on the contract, we conclude he accepted as true the testimony for the petitioner that there was no such direction. We do not find in the record any facts or circumstances that require an application of the payment to the items delivered to lot No. 3. *Harris* v. *Gilbert, supra*.

Respondent's appeal as to the petitions of the Albert S. Eastwood Lumber Co. are therefore denied and dismissed.

The respondents contest the petition of Vincent Fabrizio on the grounds (1) that legal process was not commenced in accordance with the statute; (2) that the commencement of legal process does not set forth with sufficient definiteness the material and labor furnished; (3) that the commencement of legal process was not filed within the time limited by the statute in that notice was not served on the holder of the record title.

Fabrizio furnished all the material and labor for the plumbing in the three houses under a written contract. The three houses were built from the same plan and the item of plumbing was the same for each house. The petitioners filed an account which itemized the material furnished for each house but the item for labor was manifestly arrived at

by subtracting from the contract price the amount of material furnished and dividing the remainder by three.

The petitioner performed most of the labor himself and did not keep time cards of his own labor. This being a contract with the owner, and the compensation having been agreed upon, we think the case falls within the rule laid down in *McPherson* v. *Greenwell*, 27 R. I. 178, where it was said: "We think that in the case of a contractor whose compensation is fixed by agreement, and where the amounts paid are as well known to the owner as to himself, the statute should be construed with some liberality." It would be no advantage to the respondents to know the exact number of hours of labor expended on each house. The houses being identical, presumably the labor required for the installation of the plumbing was the same for each house. The petitioner asks only that he be paid the amount agreed upon and this amount is known to the respondents as well as to the petitioner. *McPherson* v. *Greenwell, supra.*

The petitioner did not furnish certain items called for by the contract amounting to $15.80 for each house. These were not installed because the respondent Britto so directed.

The decree appealed from establishes a lien for the full contract price. This is obviously erroneous and calls for a modification of said decree in this respect. The respondents' appeal on this ground is sustained.

As payment was due on the completion of the work the petitioner under the statute was obliged to file his commencement of legal process within four months thereafter. Legal process was commenced December 10, 1929. While the evidence as to the date when the work was completed is rather indefinite it was to the effect that it was some time after August 10, 1929, and is sufficient to sustain the finding of the trial justice that legal process was commenced within the time limited by the statute. The respondents take nothing by their appeal on this ground.

The petitions of Antonio Saraceni are contested on some of the same grounds as in the Eastwood and Fabrizio

petitions and in addition reliance is placed upon certain releases. The cement work and foundations of the three houses was performed by this petitioner under a written contract calling for the payment of $350 for each house. He was paid $400 on account. At the request of respondent Britto he signed a release releasing the Peoples Savings Bank, the respondent Britto and Frank Dorsey, a contractor. This release, he testified, was to enable Britto to obtain the money to make a payment on petitioner's contract. He has not been paid and, as there was no dispute as to the amount due, the release as to the respondent Britto was without consideration; it was not a defense to the petitioners' liens. *Fire Insurance Assoc. Ltd.* v. *Wickham*, 141 U. S. 564.

The appeals from the decrees in the petitions of the Albert S. Eastwood Lumber Co. and Antonio Saraceni are denied and dismissed and the decrees appealed from are affirmed. The appeals from the decrees on the petitions of Vincent F. Fabrizio are sustained and the decrees appealed from are modified by deducting from the amount of the lien in each case $15.80. In all other respects the appeals are dismissed and the decrees appealed from are affirmed.

The papers in the cases are remanded to the Superior Court for further proceedings.

*Huddy & Moulton, Stuart H. Tucker*, for Eastwood Lumber Co.

*Hogan & Hogan, Raphael Vicario, Laurence J. Hogan* for Fabrizio.

*James Di Prete, Ralph Rotondo* for Saraceni.

*McGovern & Slattery, James A. Higgins*, for respondents.

*Edwards & Angell, Ronald B. Smith* for Peoples Savings Bank in Providence.